UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

      -against-

JOELKIN ROSARIO,

                Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __5/12/2020_

18 Cr. 697 (AT)

**ORDER**

ANALISA TORRES, District Judge:

      On February 28, 2019, Defendant, Joelkin Rosario, pleaded guilty to participating in a Hobbs Act robbery conspiracy, an attempted Hobbs Act robbery, and aiding in the use of a firearm in furtherance of the attempted Hobbs Act robbery. *See* ECF No. 35. On December 17, 2019, the Court sentenced Defendant to a term of imprisonment of 78 months and three weeks. *See* ECF No. 49. Now serving his sentence at the Metropolitan Detention Center ("MDC"), Defendant moves for compassionate release under 18 U.S.C. § 3582(c) in light of COVID-19, because he has asthma, latent tuberculosis, and chronic nosebleeds. *See* Def. Letter at 1, 3, ECF No. 64. For the reasons stated below, Defendant's motion is DENIED.

## BACKGROUND

      After serving 19 months of his 78-month sentence, *see* Gov't Opp. at 2, ECF No. 68; ECF No. 49, Defendant requests that he be released from Bureau of Prisons ("BOP") custody, and be permitted to finish the remainder of his sentence—approximately five years—in home confinement. Def. Letter at 21. The Government argues that Defendant's motion should be denied because Defendant failed to exhaust administrative remedies prior to seeking relief from the Court, and, in addition, does not provide extraordinary and compelling reasons justifying release. Gov't Opp. at 3–10. Because the Court determines that denial is warranted due to dangerousness to the community if Defendant is released, the Court need not reach the question of whether administrative exhaustion can be waived or whether extraordinary reasons exist to support release.[1]

## DISCUSSION

      Under 18 U.S.C. § 3582(c)(1)(A), "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf," a court may reduce such defendant's sentence if it finds that "extraordinary and compelling circumstances warrant such a reduction," and that "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C.

---

[1] In so ruling, the Court does not abandon its position expressed in prior orders with respect to the exhaustion of administrative remedies under certain circumstances. *See United States v. Valencia*, 15 Cr. 163, ECF No. 82 (S.D.N.Y. May 11, 2020) (waiving administrative exhaustion and granting compassionate release); *United States v. Zukerman*, 16 Cr. 194, 2020 WL 1659880, at *4 (S.D.N.Y. Apr. 3, 2020), ECF No. 116 (same); *United States v. Perez*, No. 17 Cr. 513, 2020 WL 1546422, at *3 (S.D.N.Y. Apr. 1, 2020) (same).

§ 3582(c)(1)(A)(i). The Court must also consider the "factors set forth in section 3553(a) to the extent that they are applicable." *Id.* § 3582(c)(1)(A).

The Sentencing Commission's policy statement and its corresponding commentary on § 3582(a)(1)(A) indicate that a court may reduce a sentence for "extraordinary and compelling reasons," including where the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover," provided, however, that the "defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(1)(A) & cmt. n.1.

In reviewing Defendant's application, the Court has considered the factors under § 3142(g), which are: (1) "the nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . or involves . . . a . . . firearm"; (2) "the weight of the evidence against the person"; (3) the history and characteristics of the person"; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

Having reviewed the factors under § 3142(g), the Court cannot conclude that Defendant "is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(1)(A). First, the underlying conduct that led to Defendant's sentence was serious. Defendant agreed to commit a home-invasion robbery, and recruited two people to assist in the robbery, which resulted in the victim being both shot and stabbed. Gov't Opp. at 1. Defendant's conduct in these offenses merited, in the Court's judgment, a sentence of 78 months' imprisonment, of which Defendant has only served less than a quarter. *See* Judgment. Second, the Government has informed the Court of other violent conduct in Defendant's recent past: In February 2018, Defendant was arrested for allegedly punching his girlfriend in the face and stabbing her. *See* Gov't Opp. at 8.[2] But even setting aside alleged offenses, Defendant's crimes of conviction are serious, and reflect his "danger to the safety of . . . other person[s] or to the community." U.S.S.G. § 1B1.13(2). The Court concludes, therefore, that Defendant has not met his burden under 18 U.S.C. § 3582(c), because his request for release goes against the Sentencing Commission's policy statement on compassionate release.[3]

The Court is well-aware of the ongoing challenges facing those incarcerated at MDC, and does not, with this decision, seek to diminish the concern over the health and safety of those detained in federal custody during the COVID-19 pandemic. At 28 years old, Defendant suffers from asthma, latent tuberculosis, and chronic nosebleeds. Def. Letter at 3; *see also id.* at 25–30.

---

[2] The Government reports that the district attorney in this case dismissed the charges due to the complainant's unwillingness to appear for further court proceedings. *See* ECF No. 69. However, the assistant district attorney represented to the state court that the complainant would nonetheless be adequately protected because of Defendant's federal sentence. *Id.*

[3] *See, e.g.*, *United States v. Gotti*, No. 02 Cr. 743-07, 2020 WL 497987, at *6 (S.D.N.Y. Jan. 15, 2020) (noting that, even where a defendant meets his burden of showing eligibility for compassionate release, dangerousness to the community constitutes grounds for denial).

Notwithstanding Defendant's medical condition, however, the Court must consider whether his application meets the policy statements of the Sentencing Commission, *see* 18 U.S.C. § 3582(c)(1)(A)(i), and, in so doing, the Court finds that Defendant's health risks do not outweigh the potential danger to the broader community he would pose if released.

The Court concludes, therefore, that Defendant has not met his burden under 18 U.S.C. § 3582(c).

## CONCLUSION

Accordingly, for the reasons stated above, Defendant's application is DENIED.

The Clerk of Court is directed to terminate the motions at ECF Nos. 56, 64, and 73.

SO ORDERED.

Dated: May 12, 2020
New York, New York

_____
ANALISA TORRES
United States District Judge

3